JZ, INC., DUNKIN DONUTS *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF
EAST HARTFORD
(AC 30591)

Bishop, Robinson and Alvord, Js.

Argued December 8, 2009—officially released February 9, 2010

*Scott R. Chadwick*, corporation counsel, for the appellant (defendant).

*Ryan C. McKeen*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, the planning and zoning commission of the town of East Hartford (commission), appeals from the judgment of the trial court sustaining the appeal filed by the plaintiff, JZ, Inc., Dunkin Donuts, from the commission's denial of the plaintiff's application for a special use permit. Because we agree with the commission that the court improperly found that the plaintiff was aggrieved by the denial of its zoning application, we reverse the judgment of the trial court.[1]

The following facts are relevant to the resolution of the defendant's claim on appeal. At all times relevant to this appeal, James T. Zafiris was the president of the plaintiff corporation, and he and his wife were its sole

---

[1] Because we conclude that the plaintiff was not aggrieved, we do not reach the issue of whether the court properly determined that the commission's decision was not supported by substantial evidence.

equal stockholders. On July 25, 2006, Zafiris individually entered into a contract with Governor's Building, LLC, to purchase certain real property in East Hartford. Under the agreement, zoning approval for a special permit was made a condition of the sale.[2] The agreement provided for certain time periods by which zoning approval was to be obtained, allowing for extensions, up to a point, so long as the buyer was diligently pursuing the necessary approvals. Specifically, the agreement provided that "[t]he closing of title shall take place on or before thirty (30) days following satisfaction of all conditions precedent . . . but in no event later than one year from [the] date hereof . . . ."

On July 23, 2007, the plaintiff filed applications with the commission for a special use permit, for site plan approval and for sedimentation and soil controls in order to construct a Dunkin Donuts restaurant with a drive-through window on Governor Street in East Hartford. A public hearing was held on the plaintiff's application on November 14, 2007, and on November 21, 2007, the commission denied the application on the basis of its finding, among others, that the proposed use would likely cause traffic congestion.

Thereafter, the plaintiff appealed to the Superior Court. The plaintiff's appeal, returnable on January 8, 2008, alleged as aggrievement that it was the buyer, pursuant to the July 25, 2006 purchase and sale agreement, of the property for which the special permit was being sought. The court sustained the plaintiff's appeal, finding that the plaintiff was aggrieved and that the commission's denial of the plaintiff's application for a special use permit was not supported by substantial evidence. This appeal followed.

On appeal, the commission claims that the plaintiff was not aggrieved by the commission's denial of its

---

[2] Prior to closing, Zafiris also was required to obtain Dunkin' Donuts approval, a satisfactory environmental report and adequate financing.

application for a special use permit because the purchase and sale agreement had expired.[3] We agree.

We begin by noting that "[p]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal. . . . [I]n order to have standing to bring an administrative appeal, a person must be aggrieved. . . . Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the agency's decision has specially and injuriously affected that specific personal or legal interest." (Citations omitted; internal quotation marks omitted.) *Moutinho* v. *Planning & Zoning Commission*, 278 Conn. 660, 664–65, 899 A.2d 26 (2006).

"[I]n order to retain standing as an aggrieved person, a party must have and must maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the appeal. . . . It is not enough for a party to have an interest in the property sufficient to establish aggrievement only at the time of the application to the commission." (Citations omitted.) *Primerica* v. *Planning & Zoning Commission*, 211 Conn. 85, 94, 558 A.2d 646 (1989).

"Aggrievement presents a question of fact for the trial court. . . . The scope of review of a trial court's factual decision on appeal is limited to a determination of

[3] The commission also contends that the plaintiff corporation was not aggrieved because it was not a party to the purchase and sale agreement. Because we conclude that the plaintiff was not aggrieved on the basis that the purchase and sale agreement was no longer in effect, we need not address this argument.

whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Moutinho* v. *Planning & Zoning Commission*, supra, 278 Conn. 665–66. "[T]he party alleging aggrievement bears the burden of proving it." (Internal quotation marks omitted.) *Alvord Investment, LLC* v. *Zoning Board of Appeals*, 282 Conn. 393, 400, 920 A.2d 1000 (2007). Finally, "[b]ecause aggrievement is a jurisdictional question, and therefore, the key to access to judicial review, the standard for aggrievement is rather strict." (Internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 257, 773 A.2d 300 (2001).

Here, the plaintiff did not seek zoning approval until just two days prior to the expiration of the purchase and sale agreement. By the time the plaintiff appealed to the trial court, the agreement had been expired for over one year. The court held that the plaintiff was, nevertheless, aggrieved because the agreement did not state that time was of the essence, and the period of time that had passed was reasonable because the contingency for zoning approval contained in the agreement contemplated that obtaining such approval can take a long period of time. Although the agreement provided for automatic extensions of the time to obtain zoning approval so long as Zafiris was diligently pursuing the approval,[4] that time period was not left open-

---

[4] The agreement provides, in relevant part: "Buyer shall have one hundred twenty (120) days following the Application Filing Date to secure at Buyer's sole cost and expense site plan, special permit, zone change or variance, if necessary, or such other municipal approvals (the 'Approvals') as necessary for its proposed development of the Premises as a Dunkin' Donuts retail store

ended as the agreement also provided that the closing "shall take place on or before thirty (30) days following satisfaction of all conditions precedent . . . but in no event later than one year from date hereof . . . ." Thus, although the parties contemplated an extended process for obtaining zoning approval, by the express language of the agreement, they also provided that the contract would not remain in effect for more than one year. On the basis of our thorough review of the record, we find no evidence that the purchase and sale agreement was still in effect at the time the court heard the plaintiff's appeal from the commission's decision. Accordingly, the plaintiff did not establish that it had a specific, personal and legal interest in the commission's decision, and the court's finding in this regard was erroneous. We, therefore, conclude that the plaintiff was not aggrieved and that the court did not have subject matter jurisdiction to hear the plaintiff's appeal.

The judgment is reversed and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.

---

with a drive-thr[ough] (the 'Approval Period'). If Buyer has been diligently pursuing all Approvals but has not received all Approvals prior to the expiration of the Approval Period, the Approval Period shall be automatically extended for an additional sixty (60) days (the 'First Extension Period'). If Buyer has been diligently pursuing all Approvals but has not received all Approvals prior to the expiration of the First Extension Period, the Approval Period shall be automatically extended for an additional period of sixty (60) days (the 'Second Extension Period'). If Buyer has been diligently pursuing all Approvals but has not received all Approvals by the end of the Second Extension Period, both Seller and Buyer shall have the right to terminate this Agreement by written notice to the other party within ten (10) days after the end of the Second Extension Period (in which case, the Deposit shall be returned to Buyer). The date on which Buyer secures all Approvals as described herein shall be known as the 'Final Approval Date'."